F K

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Matthew N. Edwards,

Plaintiff,

– against –

Taylor Gamache, City of Troy, New York, and City of Troy Police Department,

Defendants.

Complaint

1:25-cv-00872 (AMN/FJS)

Plaintiff, complaining of Defendants, sets forth the following through his attorneys, Frost & Kavanaugh, P.C.:

**JURY DEMAND**

1. Plaintiff demands a trial by jury.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action under the provisions of 28 USC §§ 1331, 1341, & 1343 because it is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States secured by the Constitution and federal law pursuant to 42 USC §§ 1983 and 1988, and supplemental jurisdiction over the remaining state law claims under the provisions of 28 U.S.C. § 1367 because they are closely related to the federal claims.

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

3. Venue is proper under 28 USC § 1391(e)(2) because events giving rise to Plaintiff's claims occurred in this judicial district

## PARTIES

4. At all times herein mentioned, Plaintiff was and is a resident of the City of Troy, State of New York.

5. At all times herein mentioned, Defendant City of Troy was a municipal corporation located in Rensselaer County, State of New York.

6. At all times herein mentioned, Defendant Taylor Gamache was and remains employed as a police officer with the City of Troy with his principal place of business being the City of Troy Police Department, 55 State Street, Troy, New York. Defendant Gamache is a defendant in this action in both his individual and official capacities.

## FACTS

7. The occurrence giving rise to this claim occurred on July 19, 2024, in front of 447 Madison Street, Troy, New York.

8. On that day, at approximately 4:59 p.m., Defendant Gamache initiated a purportedly legal traffic stop of Plaintiff for allegedly violating NY Vehicle and Traffic Law 375(1)(A). Leading up to this arrest, the following occurred:

a.) Defendant Gamache, while in a marked Troy Police vehicle, is stationary in traffic on Third Street in the City of Troy, facing south, just north of its intersection with Madison Street, stopped at a red light;

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

F K

b.) Plaintiff is stationary in traffic, stopped behind Defendant Gamache on Third Street, facing in the same direction, with his left vehicle turn signal on, intent on turning left onto Madison Street;

c.) third in line, stopped in traffic, is nonparty Linda Waterman;

d.) the traffic light facing Defendant Gamache, Plaintiff, and nonparty Waterman, turns green;

e.) Defendant Gamache is occupied with something in his vehicle (police paperwork, his police vehicle computer, his phone, or something else), and does not perceive the traffic light turning green;

f.) after waiting a bit, Plaintiff sees that Defendant Gamache has not perceived the light changing from red to green, so Plaintiff gives a brief toot on his vehicle horn;

g.) although Defendant Gamache does not have his left turn signal on as the Vehicle and Traffic law requires, he turns left, ostensibly because he sees Plaintiff's left turn signal on;

h.) seeing this, and desiring to avoid conflict, Plaintiff turns off his left turn signal as Defendant Gamache makes his left turn, and Plaintiff travels straight on Third Street, intent on now taking an alternative route to his home near the intersection of Third Street and Madison Street;

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060





i.) Defendant Gamache circles the area, eventually reencountering Plaintiff as Plaintiff pulls in front of his home;

j.) because there is an unrelated vehicle in front of Plaintiff's home, and because his garbage cans are in the street obstructing his approach to park, Plaintiff is forced to park more than 12" from the curb to retrieve his garbage cans, with the intent of moving his garbage cans out of the road and then properly parking his vehicle;

k.) as he is doing so, Defendant Gamache approaches in his marked Troy Police vehicle, purportedly intending to make a "vehicle and traffic" stop but in reality, harassing Plaintiff because Defendant Gamache was offended and annoyed by the short toot Plaintiff gave him;

l.) Defendant Gamache claims various reasons for placing Plaintiff into custody, including unlawfully using his vehicle horn to alert Defendant Gamache that the traffic signal had turned green, and that Plaintiff was parked more than 12" from the curb when Plaintiff temporarily stopped his vehicle while retrieving his garbage cans.

9. Defendant Gamache, assisted by other Troy Police officers and a Rensselaer County Sheriff's Deputy ("the arresting officers"), placed Plaintiff in police custody, restricting his movement and his freedom. The interaction between Defendant Gamache, the other officers, and Plaintiff were captured on video.

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

10. The arresting officers physically manipulated Plaintiff, placed him into police custody, and transported him in a police vehicle owned by Defendant City of Troy to the Troy Police Department.

11. Defendant Gamache, working in his capacity as a City of Troy Police officer, formally accused and arrested Plaintiff for violating NY VTL § 375(1)(A) (*unlawful use of horn*), NY Penal Law § 195.05 (*obstructing governmental administration*), and NY Penal Law § 205.30 (*resisting arrest*).

12. Plaintiff's charges have been dismissed.

13. Plaintiff committed no crime and gave no reason, nor did Defendant Gamache have any reason, for physically manipulating Plaintiff or taking him into custody.

14. Plaintiff duly filed a Notice of Claim relating to the actions, omissions and other conduct alleged herein.

15. Defendants conducted a hearing under General Municipal Law § 50-h on February 27, 2025.

16. Defendant City of Troy has failed, neglected and refused to pay, settle or compromise Plaintiff' claim.

17. Plaintiff have duly complied with all of the conditions precedent to the commencement of this action against Defendant City of Troy.

18. The limitation of liability set forth in NY CPLR 1601(1) is inapplicable to this action because the liability of a Defendant is, upon information and belief, greater

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060



than fifty percent of the total liability assigned to all persons liable, and thus the liability of such Defendant to Plaintiff for non-economic loss shall exceed said Defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT TAYLOR GAMACHE UNDER 42 U.S.C. § 1983**

19. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

20. Defendant Gamache violated Plaintiff's Fourth Amendment rights, as made applicable to the States by the Fourteenth Amendment, in that Defendant Gamache falsely imprisoned Plaintiff.

21. Defendant Gamache violated Plaintiff's Fourth and Eighth Amendment rights, as made applicable to the States by the Fourteenth Amendment, in that Defendant Gamache committed a battery against him.

22. Defendant Gamache violated Plaintiff's Fourth, Fifth, Sixth and Eighth Amendment rights, as made applicable to the States by the Fourteenth Amendment, in that Defendant Gamache instituted a malicious prosecution against him.

23. Defendant Gamache violated Plaintiff's Fourth and Eighth Amendment rights, as made applicable to the States by the Fourteenth Amendment, in that Defendant

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060





Gamache unjustifiably used force against him in an amount that was far in excess of the amount of force that would be considered objectively reasonable.

24. Defendant Gamache violated Plaintiff's Fifth Amendment rights, as made applicable to the States by the Fourteenth Amendment, in that Defendant Gamache deprived Plaintiff of his liberty without due process of law.

25. Defendant Gamache violated Plaintiff's Eighth Amendment rights, as made applicable to the States by the Fourteenth Amendment, in that Defendant Gamache unjustifiably used cruel and unusual punishment against him.

26. Defendant Gamache' actions as described above violated clearly established statutory or Constitutional rights of which a reasonable person would have known.

27. Defendant Gamache undertook his actions as described above with evil motive or intent, and/or with reckless or callous indifference to Plaintiff's federally protected rights.

28. Defendant Gamache acted under color of State law, and thus violated 42 U.S.C. § 1983.

29. As a result of Defendant Gamache' actions as described above, Plaintiff sustained great bodily injury so that he became sick, sore, lame, wounded, disabled, disordered, embarrassed, emotionally distraught and disfigured and will so remain permanently; has been and will be prevented from attending to his usual duties; has suffered lost lifetime earnings; incurred expenses for, among other things, care and

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060





treatment; has and continues to suffer pain; that Plaintiff has been injured permanently externally, internally and otherwise, all to his damage.

30. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

31. In addition, Plaintiff will seek his reasonable attorney's fees against Defendant Gamache under 42 U.S.C. § 1988(b) and reasonable expert fees under 42 U.S.C. § 1988(c) as a "prevailing party."

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS ALLEGING A CONSTITUTIONAL TORT IN VIOLATION OF THE NEW YORK STATE CONSTITUTION, ARTICLE I, SECTIONS 1, 11 AND 12**

32. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

33. Defendant Gamache's deprivation of rights, unlawful arrest, illegal detention, battery, and malicious prosecution of Plaintiff was intentional and unjustifiable, and in violation of Plaintiff's rights as protected by the New York State Constitution, Article I, Sections 1, 5, 11 and 12.

34. Defendant Gamache's actions as described above violated clearly established statutory or Constitutional rights of which a reasonable person would have known.

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060





35. Defendant Gamache undertook his actions as described above with evil motive or intent, and/or with reckless or callous indifference to Plaintiff's state- and federally-protected constitutional rights.

36. Plaintiff has no other remedy at law, as neither declaratory nor injunctive relief is available to Plaintiff.

37. Plaintiff does not have the ability to seek other redress for Defendant Gamache's unlawful actions.

38. An award of money damages advances the public interest in that future constitutional violations by police officers and municipalities will be deterred by such an award.

39. As a result of Defendant Gamache's actions as described above, Plaintiff sustained great bodily injury so that he became sick, sore, lame, wounded, disabled, disordered, embarrassed, emotionally distraught and disfigured and will so remain permanently; has been and will be prevented from attending to his usual duties; has suffered lost lifetime earnings; incurred expenses for, among other things, care and treatment; has and continues to suffer pain; that Plaintiff has been injured permanently externally, internally and otherwise, all to his damage.

40. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060




41. Defendant City of Troy and Defendant City of Troy Police Department are liable for the aforesaid acts, conduct, and omissions of its employee, Defendant Gamache, which were undertaken in the scope and course of his employment with Defendant City of Troy and Defendant City of Troy Police Department under the theories of *respondeat superior*, employer-employee, master-servant and/or other theories of agency liability.

**THIRD CAUSE OF ACTION AGAINST DEFENDANT CITY OF TROY AND DEFENDANT CITY OF TROY POLICE DEPARTMENT UNDER 42 U.S.C. § 1983**

42. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

43. Upon information and belief, Defendant City of Troy and Defendant City of Troy Police Department are responsible for establishing policies and procedures to be utilized by employees of the Defendant City of Troy and Defendant Troy Police Department.

44. Defendant City of Troy and Defendant City of Troy Police Department, acting by and through its police officers, including Defendant Gamache, engaged in an ongoing pattern of official abuse of power as it relates to unauthorized arrests, false imprisonment, malicious prosecution, intentional infliction of emotional distress, reckless infliction of emotional distress, unreasonable search and seizure, deprivation of liberty without due process, use of excessive force, infliction of cruel and unusual

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060



punishment, battery, deprivation of state- and federally-protected constitutional rights, discourtesy, and failure to meaningfully investigate complaints of police misconduct.

45. Upon information and belief, given the ongoing pattern of official abuse of power as it relates to unauthorized arrests, false imprisonment, malicious prosecution, intentional infliction of emotional distress, reckless infliction of emotional distress, unreasonable search and seizure, deprivation of liberty without due process, use of excessive force, infliction of cruel and unusual punishment, battery, deprivation of state- and federally-protected constitutional rights, discourtesy, and failure to meaningfully investigate complaints of police misconduct, the Defendant City of Troy and Defendant City of Troy Police Department have not established policies addressing how and under what circumstances police officers may arrest or seize a citizen, or the level of force a police officer may use against a citizen. In the alternative, Defendant City of Troy and Defendant City of Troy Police Department have instituted policies addressing these issues, but then through gross negligence and carelessness have demonstrated deliberate indifference to the constitutional rights of citizens by failing or intentionally refusing to enforce them.

46. These policies, procedures and practices of the above-named Defendants violated the rights of Plaintiff under the United States Constitution.

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

F K

47. Defendant City of Troy and Defendant City of Troy Police Department violated Plaintiff's right to be free from unreasonable seizures, free from battery, free from malicious prosecution, and free from the deprivation of other constitutionally protected rights as defined by the Fourth Amendment to the United States Constitution, and made applicable to the States and their subdivisions by the Fourteenth Amendment to the United States Constitution, pursuant to a policy statement, ordinance, regulation, or decision officially adopted and promulgated by Defendant City of Troy and Defendant City of Troy Police Department by and through their agents, servants and/or employees, or pursuant to persistent and widespread discriminatory practices of the agents, servants and/or employees of Defendant City of Troy and Defendant City of Troy Police Department.

48. Defendant City of Troy and Defendant City of Troy Police Department violated Plaintiff's right to be free from a denial of his liberty without due process of law as defined by the Fifth Amendment to the United States Constitution, and made applicable to the States and their subdivisions by the Fourteenth Amendment to the United States Constitution, pursuant to a policy statement, ordinance, regulation, or decision officially adopted and promulgated by Defendant City of Troy and Defendant City of Troy Police Department by and through their agents, servants and/or employees, or pursuant to persistent and widespread discriminatory practices of the

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

F K

agents, servants and/or employees of Defendant City of Troy and Defendant City of Troy Police Department.

49. Defendant City of Troy and Defendant City of Troy Police Department violated Plaintiff's right to be free from cruel and unusual punishment as defined by the Eighth Amendment to the United States Constitution, and made applicable to the States and their subdivisions by the Fourteenth Amendment to the United States Constitution, pursuant to a policy statement, ordinance, regulation, or decision officially adopted and promulgated by Defendant City of Troy and Defendant City of Troy Police Department by and through their agents, servants and/or employees, or pursuant to persistent and widespread discriminatory practices of the agents, servants and/or employees of Defendant City of Troy and Defendant City of Troy Police Department.

50. Defendant Gamache's actions as described above were a result of, and pursuant to, a policy or custom of Defendants City of Troy and City of Troy Police Department, all in deliberate indifference to the rights of the citizenry, including Plaintiff.

51. As a result of Defendant Gamache's actions as described above, Plaintiff sustained great bodily injury so that he became sick, sore, lame, wounded, disabled, disordered, embarrassed, emotionally distraught and disfigured and will so remain permanently; has been and will be prevented from attending to his usual duties; has suffered lost lifetime earnings; incurred expenses for, among other things, care and

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060



treatment; has and continues to suffer pain; that Plaintiff has been injured permanently externally, internally and otherwise, all to his damage.

52. As a result of the actions of Defendant City of Troy and Defendant City of Troy Police Department as described above, Plaintiff sustained great bodily injury so that he became sick, sore, lame, wounded, disabled, disordered, embarrassed, emotionally distraught and disfigured and will so remain permanently; has been and will be prevented from attending to his usual duties; has suffered lost lifetime earnings; incurred expenses for, among other things, care and treatment; has and continues to suffer pain; that Plaintiff has been injured permanently externally, internally and otherwise, all to his damage.

53. In addition, Defendant Gamache's actions were pursuant to the official policy of Defendant City of Troy and Defendant City of Troy Police Department, and thus Defendant City of Troy and Defendant City of Troy Police Department are liable for the actions of Defendant Gamache.

54. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

**FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR ASSAULT AND BATTERY**

55. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060





56. The actions and inactions of Defendant Gamache constitute assault and/or battery under New York law.

57. As a result of Defendant Gamache's actions as described above, Plaintiff sustained great bodily injury so that he became sick, sore, lame, wounded, disabled, disordered, embarrassed, emotionally distraught and disfigured and will so remain permanently; has been and will be prevented from attending to his usual duties; has suffered lost lifetime earnings; incurred expenses for, among other things, care and treatment; has and continues to suffer pain; that Plaintiff has been injured permanently externally, internally and otherwise, all to his damage.

58. Defendant City of Troy and Defendant City of Troy Police Department are liable for the aforesaid acts, conduct, and omissions of its employee, Defendant Gamache, which were undertaken in the scope and course of his employment with Defendant City of Troy and Defendant City of Troy Police Department under the theories of *respondeat superior*, employer-employee, master-servant and/or other theories of agency liability.

59. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

**FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR FALSE ARREST AND MALICIOUS PROSECUTION**

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060



60. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

61. The actions and inactions of Defendant Gamache constitute false arrest and malicious prosecution under New York law.

62. As a result of Defendant Gamache's actions as described above, Plaintiff sustained great bodily injury so that he became sick, sore, lame, wounded, disabled, disordered, embarrassed, emotionally distraught and disfigured and will so remain permanently; has been and will be prevented from attending to his usual duties; has suffered lost lifetime earnings; incurred expenses for, among other things, care and treatment; has and continues to suffer pain; that Plaintiff has been injured permanently externally, internally and otherwise, all to his damage.

63. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

64. Defendant City of Troy and Defendant City of Troy Police Department are liable for the aforesaid acts, conduct, and omissions of its employee, Defendant Gamache, which were undertaken in the scope and course of his employment with Defendant City of Troy and Defendant City of Troy Police Department under the theories of *respondeat superior*, employer-employee, master-servant and/or other theories of agency liability.

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060



**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

65. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

66. The actions and inactions of Defendant Gamache constitute intentional and/or negligent infliction of emotional distress under New York law.

67. As a result of Defendant Gamache's actions as described above, Plaintiff sustained great bodily injury so that he became sick, sore, lame, wounded, disabled, disordered, embarrassed, emotionally distraught and disfigured and will so remain permanently; has been and will be prevented from attending to his usual duties; has suffered lost lifetime earnings; incurred expenses for, among other things, care and treatment; has and continues to suffer pain; that Plaintiff has been injured permanently externally, internally and otherwise, all to his damage.

68. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

69. Defendant City of Troy and Defendant City of Troy Police Department are liable for the aforesaid acts, conduct, and omissions of its employee, Defendant Gamache, which were undertaken in the scope and course of his employment with Defendant City of Troy and Defendant City of Troy Police Department under the

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060



theories of *respondeat superior*, employer-employee, master-servant and/or other theories of agency liability.

**DEMAND FOR PUNITIVE DAMAGES**

70. Plaintiff repeats and realleges each preceding paragraph as if fully set forth herein.

71. Defendant Gamache's actions were extreme and outrageous, shock the consciousness of a reasonable person and were reckless, wanton, and/or willful and malicious, and without any probable or reasonable cause.

72. Plaintiff seeks punitive damages against Defendant Gamache for his cruel and uncivilized conduct as alleged herein. Plaintiff does not seek punitive damages against Defendant City of Troy or Defendant City of Troy Police Department.

**WHEREFORE**, Plaintiff demands:

a.) judgment on behalf of Plaintiff against Defendant Gamache for compensatory damages in an amount to be determined by a properly charged jury;

b.) judgment on behalf of Plaintiff against Defendant City of Troy and Defendant City of Troy Police Department for compensatory damages in an amount to be determined by a properly charged jury;

c.) judgment on behalf of Plaintiff against Defendant Gamache for punitive damages in an amount to be determined by a properly charged jury;

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

F K

d.) a monetary award for attorney's fees, expert witness fees, and costs of this action pursuant to 42 U.S.C. § 1988 for Plaintiff; and

e.) such other, further and different relief as is just and proper.

Dated: July 2, 2025
Troy, New York

Yours, etc.

s/

Arthur R. Frost, Esq.
afrost@frostfirm.com
Bar Roll No. 511214
FROST & KAVANAUGH, P.C.
Attorneys for Plaintiff
287 North Greenbush Road
Troy, New York 12180
Tel.: (518) 283-3000

z:\civil\edwards, matthew\complaint.docx