UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW N. EDWARDS,

                      Plaintiff,

-against-

TAYLOR GAMACHE, CITY OF TROY, NEW YORK,
AND CITY OF TROY POLICE DEPARTMENT,

                      Defendants.
_____

**ANSWER**

1:25-cv-00872 (AMN/DJS)

     The Defendants, Taylor Gamache, City of Troy, New York, and City of Troy Police Department (hereinafter, "answering Defendants"), answering the Complaint of the Plaintiff herein, by their attorneys, FitzGerald Morris Baker Firth, P.C., submits the following upon information and belief:

1. Admit the allegations contained in the paragraphs numbered "1", and "5" of the Complaint.

2. The allegations contained in the paragraphs numbered "2", and "3" of the Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, the answering Defendants make no answer save to demand strict proof thereof and to deny and conduct giving rise to any cause of action thereunder.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "4" of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "6" of the Complaint, except admit that Defendant Taylor Gamache was and remains employed as a police officer with the City of Troy with his principal place of business being the City of Troy Police Department, 55 State Street, Troy, New York.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "7" of the Complaint, except admits that on July 19, 2024, in front of 447 Madison Street, Troy, New York, there was an interaction between law enforcement and Plaintiff.

6. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "8", inclusive of subparagraphs "a" through "l", of the Complaint, and refer all questions of law to the Court.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "9", "10", "11", "12", "16", and "17" of the Complaint, and refer all questions of law to the Court.

8. Deny the allegations contained in the paragraphs numbered "13", "18", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "33", "34", "35", "36", "37", "38", "39", "40", "41", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "56", "57", "58", "59", "61", "62", "63", "64", "66", "67", "68", "69", "71", and "72" of the Complaint, and refer all questions of law to the Court.

9. Deny the allegations contained in the paragraph numbered "14" of the Complaint except admits receipt of a purported Notice of Claim and refer all questions of law to the Court.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "15" of the Complaint, except admits receipt of purported Notice of Claim, and refer all questions of law to the Court.

11. Answering the paragraphs numbered "19", "32", "42", "55", "60", "65", and "70" of the Complaint, answering Defendants repeat, reiterate, and reallege each and ever response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

12. Deny all other allegations contained in the Complaint not specifically admitted or denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

13. That the Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

14. That to the extent that the Complaint purports to set forth any claim premised upon the alleged tortious acts or omissions of the answering Defendants, the Defendants are not and may not be held liable.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

15. That the damages sustained by Plaintiff, if any, were caused by the Plaintiff's own culpable and/or negligent conduct.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

16. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

17. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by answering Defendants or otherwise ratified by answering Defendants authorized a deprivation of Plaintiff's constitutional rights.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, ANSWERING DEFENANTS ALLEGE:

18. That no custom or usage adopted, followed, endorsed or ratified by answering Defendants authorized a deprivation of Plaintiff's constitutional rights.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

19. That the doctrine of respondent superior and vicarious liability do not apply to a civil rights claim.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

20. That municipal defendants are not liable for punitive damage awards.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

21. Punitive damages violate the federal and state constitutions under the substantive and procedural due process clauses, equal protection clauses, excessive fine clauses, and cruel and unusual punishment clauses.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

22. The procedure whereby punitive damages are determined violate the federal and state constitutions under the substantive and procedural due process clauses, equal protection clauses, excessive fine clauses, and cruel and unusual punishment clauses.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

23. That this Court lacks jurisdiction over the person of answering Defendants.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

24. That this Court lacks subject matter jurisdiction.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

25. That Plaintiff's claims, if any, are in whole or in part, barred by the doctrine of collateral estoppel and/or res judicata.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

26. That Plaintiff's claims, if any, are barred in whole or in part by the Statute of Limitations.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

27. That answering Defendants' actions, if any, were justified by the facts and circumstances presented.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

28. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the Plaintiff had committed a crime and/or offense.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

29. That the answering Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

30. That the answering Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

31. That the answering Defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

32. That in performing such duties and responsibilities, answering Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

33. That in performing such duties and responsibilities, answering Defendants are and were protected by Federal and State immunity.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

34. To the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the Plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

35. To the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the Statute of Limitations.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

36. In the event any Co-Defendant(s) or other tortfeasor(s) settle with the Plaintiff, as a result of the damages alleged in this action of if the Plaintiff discontinues against any Co-Defendant, the answering Defendants reserve their rights under GOL §15-108 and in general to prove any and all negligence on the part of the settling Co-Defendant(s) and or tortfeasor(s) at a trial in this action.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

37. That if the Plaintiff was caused to sustain damages at the time and place set forth in the Plaintiff's Complaint, such injuries and/or damages were sustained by said Plaintiff in whole or in part by reason of the carelessness, recklessness, negligence and/or negligent act of omission or commission of the culpable conduct of said Plaintiff, and answering Defendants plead such culpable conduct and acts of negligence in diminution of damages.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

38. Upon information and belief, any past or future costs or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules and/or any claims for such items are barred by the defense of payment.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, ANSWERING DEFENDANTS ALLEGE:

39. That this action is barred from the doctrine of qualified and/or absolute governmental immunity for discretionary acts.

WHEREFORE, answering Defendants demand judgment against the Plaintiff dismissing the Complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this court deems just and proper.

September 5, 2025

Yours, etc.,

John D. Aspland, Esq.
Bar Roll No.: 512134
FitzGerald Morris Baker Firth, P.C.
*Attorneys for Defendants*
68 Warren Street – P.O. Box 2017
Glens Falls, NY 12801
(518) 745-1400

TO: Arthur F. Frost, Esq. (via CM/ECF)