CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

Matthew N. Edwards

    vs                                             Case No.     1:25-cv-872 (AMN/DJS)

Taylor Gamache, et al.

**IT IS HEREBY ORDERED** that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable DANIEL J. STEWART, United States Magistrate Judge, on October 1, 2025, at 11:00 AM at the United States Courthouse, at Room Number 409, Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before 10/9/2025.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before 11/21/2026.

3. **DISCOVERY**: All discovery in this action shall be completed on or before 9/9/26. **(Discovery timetable is to be based on the complexity of the action)**

4. **MOTIONS:** All motions, including discovery motions, shall be made on or before ▬▬▬▬▬. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**
12/19/2026

5. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before  6/5/2026  (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before  7/20/2026  (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before  8/7/2026  (at least 30 days before the close of discovery).

6. **MANDATORY MEDIATION**: Mediation must be completed on or before  3/13/2026 .

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before  11/9/2026 . It is anticipated that the trial will take approximately  10  days to complete. The parties request that the trial be held in  Albany , N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

8. **Have the parties filed a Jury Demand?**  X  (YES)  ____ (NO).

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 28 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**
   A federal question of a violation of Plaintiff's civil rights

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**
    The Court has subject matter jurisdiction and jurisdiction over Defendants who have been served.

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**
    Plaintiff's contentions: Plaintiff contends that Defendants violated his constitutional rights, unreasonably searched and seized plaintiff, falsely arrested and illegally imprisoned him and used excessive force causing him to sustain injuries and damages.

    Defendant's Contentions: Defendants contend, inter alia, that there was no violation of Plaintiff's constitutional rights, Plaintiff was arrested after resisting attempts to take him into custody, and any use of force against Plaintiff was objectively reasonable under the circumstances. Defendants dispute all material allegations contained in the Complaint.

12. **What factual and legal issues are genuinely in dispute?**
    Defendants dispute all material allegations contained in the Complaint.

13. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**
    Unknown at this time

14. **What specific relief do the parties seek? What are the damages sought?**
    Plaintiff seeks compensatory and punitive damages and an award of reasonable attorneys' fees and costs. Defendants seek dismissal of Plaintiff's complaint in its entirety and costs and fees associated with the litigation of the case.

15. **DISCOVERY PLAN**

    A. **Mandatory Disclosures**
       The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B. **Subjects of Disclosure**
       The parties jointly agree that discovery will be needed to address the following subjects:
       All claims and defenses alleged in the Complaint and Answers, the plaintiff's alleged injuries and damages, and any alleged acts of omission and/or commission of Defendants.

    C. **Discovery Sequence**
       Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
       Paper discovery followed by depositions of party and non-party fact witnesses, physical examination of Plaintiff, expert disclosure and expert depositions.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.
<u>All parties intend to seek discovery by written interrogatories and document requests, depositions of party and non-party witnesses under Rule 45 and requests for admission, and expert disclosures and expert depositions are anticipated. At this time, it does not appear that</u> the parties will need to exceed the number of interrogatories permitted under Rule 33.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.
<u>Plaintiff intends to depose Defendants, non-party witnesses and Defendants' expert(s)</u> and may identify other fact witnesses to depose as discovery continues. These will occur at Troy City Hall. Defendants intend to depose Plaintiff, non-party witnesses and Plaintiff's expert(s) and may identify other fact witnesses to depose as discovery continues. These will occur at Plaintiff's counsel's office.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

No variance expected. See Paragraph 5 above.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.
Bodyworn camera videos; dashcam videos; in-car videos; Troy Police videos; radio transmissions

H. **Protective Orders**
If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.
   The parties may need a protective order with respect to police personnel records.

I. **Anticipated Issues Requiring Court Intervention**
Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
   The parties do not anticipate discovery-related issues which may require court intervention.

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**
   The parties agree to work together to reduce the length of a trial to the extent possible. At this time, it is not possible to identify specific issues that may be appropriate for mechanisms such as stipulations, summaries, or statements. It is neither feasible nor desirable to bifurcate the issues. The parties will stipulate to the admissibility of the videos in "G," personnel records, public records and medical records.

17. **Are there any related cases pending before the Judges of this Court?**
   No

18. **In Class Actions, when and how will the class be certified?**

   not applicable

19. **What are the prospects for settlement? Please check below the prospect for settlement:**

   1 ____ 2 ____ 3 ____ 4 ____ ⑤ ____ 6 ____ 7 ____ 8 ____ 9 ____ 10 ____
   (Very unlikely → → → → → → Likely)

   A. Settlement cannot be evaluated prior to _party depositions, expert depositions and def. medical exam_ (Date).

B. How can settlement efforts be assisted?
   unknown at this time
   _____
   _____

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47*.**

20. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

    A. Reviewed General Order #47                              Yes _X_ No ___

    B. Reviewed the List of Court Approved Mediators available on the NDNY website?   Yes _X_ No ___

    C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?   Yes _X_ No ___

    D. Discussed the time frame needed to complete Mandatory Mediation?   Yes _X_ No ___

---

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on  9/9/2025
and was attended by:                                        (Date)

Arthur R. Frost                 for plaintiff(s)

▮▮▮▮▮▮▮▮▮▮▮                     for defendant(s)  _____

John D. Aspland Jr.             for defendant(s)  _____

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*